

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

EDP:ADW
F. # 2020R00345

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

May 3, 2022

<u>By ECF</u>

The Honorable Kiyo A. Matsumoto
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re: United States v. Kevin Jay Lipsitz
       <u>Criminal Docket No. 20-394 (KAM)</u>

Dear Judge Matsumoto:

  Pursuant to the Court's order dated May 3, 2022, the government respectfully submits this letter in reference to the amount of restitution to be ordered at sentencing in the above-referenced case. For the reasons stated below, the government respectfully requests that the Court impose an order of restitution in the amount of $100.00.

  Restitution in this case is mandatory. <u>See</u> 18 U.S.C. §§ 3663A(a)(1) and (c)(1)(A)(ii). In a case involving identifiable victims, the Court must enter a restitution order for the full amount of each victim's loss, if authorized under 18 U.S.C. § 3663A. <u>See</u> U.S.S.G. § 5E1.1(a)(1). Where the count of conviction "involves as an element a scheme," as here, victims are defined to include all persons directly and proximately harmed as a result of the commission of the offense in the course of the scheme. 18 U.S.C. § 3663A(a)(2). Thus, the victims in this case for purposes of restitution include all of the customers that were defrauded into purchasing PPE, and not just the victim of the conduct underlying the count of conviction. However, in certain types of fraud cases, such as this one, restitution in the full amount of each victim's losses is not required if "determining complex issues of fact related to the cause or amount of the victim's losses would complicate or prolong the sentencing process to a degree that the need to provide restitution to any victim is outweighed by the burden on the sentencing process." 18 U.S.C. § 3663A(c)(3)(B); <u>see</u> also U.S.S.G. § 5E1.1(b)(2).

  In January 2022, the U.S. Probation Department sent affidavits of loss to the dozens of identifiable victims of the defendant's mail fraud offense, many of whom are located outside of New York. <u>See</u> PSR ¶ 38. To date, only one victim has returned an affidavit, claiming a loss of

$100.00. Because the Probation Department has already made a reasonable effort to determine the losses suffered by identifiable victims, and because further efforts to determine such losses would "prolong the sentencing process to a degree that the need to provide restitution to any victim is outweighed by the burden on the sentencing process," 18 U.S.C. § 3663A(c)(3)(B), the government respectfully submits that the Court should, on these specific facts, rely only on the single returned affidavit of loss in ordering restitution. Accordingly, the government respectfully requests that the Court enter an order of restitution in the amount of $100.00, to be paid to the victim who returned the affidavit of loss.

                    Respectfully submitted,

                    BREON PEACE
                    United States Attorney

By:   /s/ Andrew Wang
       Andrew Wang
       Assistant U.S. Attorney
       718-254-6311

cc:    Clerk of the Court (KAM) (by ECF)
       Joseph Caldarera, Esq. (by e-mail)
       Jameka Bing, United States Probation Officer (by e-mail)